IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


SOUTHERN LIGHT, LLC,                    :

Plaintiff,                             :

VS.                                    :   CIVIL ACTION NO. 8-00589-CB-B

P2P ENGINEERING, LLC.,                 :

Defendant.                             :


## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Southern Light, LLC's Motion to Compel and to Show Cause (Doc. 26). Plaintiff initiated this lawsuit on October 8, 2008 against P2P Engineering, LLC for breach of contract. (Doc. 1). The parties reached a settlement, and on June 15, 2009, the Court entered a Consent Judgment in favor of Plaintiff, based on the parties' settlement agreement. (Doc. 22). Subsequent thereto, Plaintiff served a Deposition Notice and Subpoena Duces Tecum on Timothy J. Hogan, whom Plaintiff contends is the registered manager for Defendant P2P Engineering, LLC. and for Brand Assets Digital LLC.[1] (Doc. 26, Ex. 2). In the Subpoena Dues Tecum, Mr. Hogan was

---

[1]  Indeed, the website for the Florida Department of Secretary reflects that P2P Engineering, LLC's Articles of Organization list Tim Hogan as the organizer, and P2P Engineering, LLC's 2008 Limited Liability Company Reinstatement lists Tim Hogan as its President. See Website for Florida
(Continued)

requested to produce various business records related to Defendant P2P Engineering, LLC, and documents relating to Brand Assets Digital LLC's acquisition or merger with P2P Engineering, LLC. (Id.)

Plaintiff asserts that while Mr. Hogan appeared for the deposition on June 29, 2010, he did not bring any of the requested documents. The deposition transcript reflects that Mr. Hogan acknowledged his involvement in the managerial operations of Defendant P2P Engineering, LLC, and Brand Assets Digital LLC., and indicated that Defendant P2P Engineering, LLC, holds an ownership interest in Brand Assets Digital LLC., but is no longer conducting any business. (Doc. 35 at 7, 8, 13, 14, 15, 19, 21, 32, 33). Mr. Hogan offered a number of reasons for not bringing any documents to the deposition, including that he thought the deposition had been scheduled for a later date, he had just returned from an out of town trip, that the former CEO of Brand Assets Digital LLC had taken some of the documents when he left the company, and that he needed additional time to track down some of the documents. (Doc. 35 at 37-38). In an email dated February 18, 2011, Mr. Hogan advised Plaintiff's counsel that he had tracked down the requested documents and would

Department of State, Division of Corporations www.sunbiz.org. Additionally, the Website lists Mr. Hogan as manager of Brand Asset Digital, LLC.

provide them shortly. (Doc. 34-1). On March 25, 2011, Mr. Hogan sent to Plaintiff's counsel, via email, Asset Purchase Agreements with schedules, which was one category of information that was requested in the Subpoena Duces Tecum. Plaintiff asserts that despite repeated requests for the other documents, Mr. Hogan has ignored all such requests thus necessitating the filing of Plaintiff's Motion to Compel and to Show Cause. In the motion, Plaintiff requests an order compelling Mr. Hogan to produce the documents, and in the absence of production, an order holding Mr. Hogan in contempt. (Doc. 26).

The Court, on February 2, 2011, issued an Order directing Mr. Hogan to respond to Plaintiff's motion. (Doc. 27). The docket reflects that the Court's Order was served on Mr. Hogan, via certified mail, on February 4, 2011 (Doc. 28); however, Mr. Hogan failed to file a response. Accordingly, in an Order dated February 28, 2011 (Doc. 29), Mr. Hogan was directed to appear before the Court on March 11, 2011 at 10:00 a.m. for a hearing on the motion. The docket reflects that the Court's Order was served on Mr. Hogan, via certified mail, on March 7, 2011[2] (Doc. 30). Mr. Hogan did not appear for the hearing, and has made no contact with the Court.

---

[2] The certified mail was addressed to Mr. Hogan at the 1915 North 11th Avenue address in Pensacola, Florida, which Mr. Hogan listed in his deposition. (Doc. 35 at 7).

In an Order dated March 14, 2011 (Doc. 32), the undersigned found that the uncontested facts reflect that a Subpoena Duces Tecum was properly served upon Mr. Hogan (Doc. 26-1), that he did not file any objection to the subpoena, that he has not produced the documents as requested, that he failed to comply with the Court's Order directing him to file a response to Plaintiff's Motion to Compel, and that he failed to attend the March 11, 2011 discovery hearing as directed by the Court. Accordingly, Plaintiff's Motion to Compel was granted to the extent it sought an Order compelling Mr. Hogan to produce the documents requested in the Subpoena Dues Tecum. Additionally, Mr. Hogan was directed to produce the requested documents to Plaintiff on or before **March 25, 2011**. Mr. Hogan was also directed to file with the Court, by **March 25, 2011**, a written statement detailing why he should not be held in contempt of court for failing to comply with Orders of this Court. (Doc. 32). The Order was sent to Mr. Hogan, via certified mail, to the same address as the previous Orders; however, it was returned as "unclaimed". (Doc. 33).

Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that, "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person-- including the judgment debtor--as provided in these rules." Fed. R. Civ. P. 69(a)(2). One of the discovery devices available

under the rules is the subpoena. Rule 45(a) of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena duces tecum seeking the production of documents (or other materials) from a nonparty. *See* Southeastern Mechanical Services, Inc. v. Brody, Inc., 2009 U.S. Dist. LEXIS 93903, *5 (N.D. Ga. June 22, 2009)(Fed.R.Civ.P. 45 governs the production of documents by a non-party).

"Courts ....have embraced an inherent contempt authority" that encompasses the ability to impose civil and criminal contempt. Int'l Union v. Bagwell, 512 U.S. 821, 114 S.Ct. 2552, 2559, 129 L.Ed. 2d 642 (1994). "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.'" Id. at 827-28, 114 S.Ct. at 2557 (quoting Gompers v. Bucks Stove & Range, Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)). Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Id. A finding of a failure to comply with discovery orders is a finding of civil contempt. Id. at 833, 114 S.Ct. at 2560.

A finding of civil contempt--that is, willful disregard of the authority of this Court- -must be supported by clear and convincing evidence. Ga. Power Co. v. NLRB, 484 F.3d 1288, 1290 (11th Cir. 2007); Riccard v. Prudential Ins. Co. of Am., 307 F.

3d 1277, 1298 (11th Cir. 2002). The clear and convincing evidence must establish that (1) the allegedly violated order was valid and lawful; (2) the order was clear and ambiguous; and (3) the alleged violator had the ability to comply with the order. Ga. Power Co., 484 F.3d at 1291; McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000). If the party seeking civil contempt establishes a prima facie case of civil contempt, the burden shifts to the violator to produce detailed evidence to explain its noncompliance. Popular Bank v. Banco Popular, 180 F.R.D. 461, 466 (S.D. Fla. 1998).

The undersigned finds that the record in this case demonstrates by clear and convincing evidence that civil contempt is appropriate. Mr. Hogan did not raise any objections to the Subpoena Dues Tecum, did not produce most of the requested documents, did not respond to Plaintiff's Motion to Compel although he was directed to do so, and did not appear at the March 11, 2011 discovery hearing as directed. The Court's Orders, which were valid and lawful, were sent to Mr. Hogan, via certified mail, to the very address he provided in his deposition. Although Mr. Hogan neglected to retrieve the certified mail containing the latter Order, the record is clear that he had actual notice of the Court's Orders dated February 2, 2011 and February 28, 2011; yet, he took no steps to notify the Court of any difficulties in complying with the Orders.

Instead, Mr. Hogan simply chose to ignore the Orders. Such defiant conduct cannot be tolerated by this Court. Accordingly, the undersigned finds that an Order of civil contempt is appropriate under the circumstances of this case and so recommends.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **12th** day of **September, 2011.**

**/s/ Sonja F. Bivins**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   *Objection*.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a *de novo*
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days[3] after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

---

[3]Effective December 1, 2009, the time for filing written
objections was extended to "14 days after being served with a
copy of the recommended disposition[.]"  Fed. R. Civ. P.
72(b)(2).

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.