# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHERN LIGHT, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO 08-00589-CB-B |
| P2P ENGINEERING, LLC, | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on a Report and Recommendation from the Magistrate Judge recommending that Timothy P. Hogan, a non-party, be held in contempt. Hogan, the president and registered manager for Defendant P2P Engineering, LLC, has failed to comply with a subpoena duces tecum issued in conjunction with a post-judgment notice of deposition, has also failed to comply with a court order compelling him to produce the requested documents, has failed to respond to the Magistrate Judge's order requiring him to show cause why he should not be held in contempt, and has failed to respond to the Report and Recommendation recommending that he be held in contempt.[1]

The Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** as the opinion of this Court. The Court finds Timothy P. Hogan to be in **CONTEMPT** of Court. It is hereby **ORDERED, ADJUDGED and DECREED** that:

---

[1] The Magistrate Judge's show cause order was sent to Hogan via certified mail to the address provided by Hogan at his post-judgment deposition. That order was returned marked "unclaimed." Prior orders were successfully served upon Hogan at the same address, as was the more recent Report and Recommendation.

(1) Hogan shall pay attorney's fees and costs incurred by the Plaintiff as a result of Hogan's failure to comply with the subpoena duces tecum and subsequent Court orders.

(2) A **fine** of $10 per day is imposed against Hogan, effective **January 12, 2012.** However, Hogan may purge himself of this sanction by providing the requested documents to Plaintiff's counsel. If the documents are provided before the effective date, no fine will be assessed. If the documents are provided after the effective date, the fine will accrue from January 12, 2012 until the date the documents are provided or until the Court otherwise orders.

On or before **January 19, 2012**, the Plaintiff shall inform the Court in writing whether Hogan provided the subpoenaed documents prior to January 12th. Also, not later than **January 19, 2012** Plaintiff shall provide the Court with a written statement of attorney's fees and costs incurred in its efforts to enforce the subpoena duces tecum.[2] The Clerk of Court is directed to serve a copy of this order by certified mail upon Timothy at 1915 N. 11th Avenue, Pensacola, Florida, 35203.

**DONE** this the 12th day of December, 2012.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[2] This statement must be supported by an affidavit from counsel <u>and</u> by billing records, invoices, itemized statements billing or other supporting documentation from which the Court can determine the reasonableness of the fee.